IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASTRO TECHNOLOGY, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-0745 |
| | § | |
| ALLIANT TECHSYSTEMS, INC., | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In a 44-page Memorandum and Order signed September 28, 2005 [Doc. # 167]

("September 28 Order"), the Court denied Plaintiff Astro Technology, Inc.'s Motion

for Reconsideration of the Court's prior ruling regarding Plaintiff's attempt to proffer

expert testimony by its president David Brower on any issue other than damages.  The

Court also granted the Motion to Exclude Expert Testimony of Scott Beckwith and  the

Motion for Summary Judgment filed by Defendants Alliant Techsystems, Inc. ("ATK"),

ATK Aerospace Company, Inc. (f/k/a Thiokol Propulsion Corporation) (collectively

"Thiokol"), Scott Hyde, and Kurt Mildenhall.  The case is now before the Court on the

Motion to Alter or Amend or for a New Trial or to Reconsider ("Motion to

Reconsider") [Doc. # 169] filed by Plaintiff Astro Technology, Inc. ("Astro"), to which

Defendants filed their response in opposition [Doc. # 172].

The Court has thoroughly reviewed Astro's Motion to Reconsider, as well as the full record in this case and the applicable legal authorities.  Based on this review, the Court denies Astro's motion.

Astro's Motion to Reconsider was filed within ten business days after the entry of the September 28 Order and, therefore, is properly considered as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).  "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory."  *Id.*  "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 411 (2004).  Importantly for purposes of this case, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court."  *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14,

2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Initially, it is apparent that Astro fails to appreciate the proper standard applicable to motions for summary judgment. Astro argues that "[a]t the end of the trial, the Court may find that its perspective of the trade secret is correct, however, it may not." *See* Motion to Reconsider, p. 3. Astro then lists a variety of matters it believes the Court "may learn" during a trial of this case. *Id.* The time for Astro to have presented its evidence in an attempt to raise a genuine issue of material fact was during the summary judgment process. Astro's "unsubstantiated or conclusory assertions that a fact issue exists," both in response to the motion for summary judgment and in a Motion to Reconsider, are ineffective to avoid summary judgment. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).

Astro also argues that the Court's denial of Defendants' Motion to Dismiss "should have also defeated summary judgment for Defendants . . .." *See* Motion to Reconsider, p. 15. This statement indicates that Astro fails to recognize the differing standards on a motion to dismiss, which evaluates whether the plaintiff has alleged facts to support its claims, and a motion for summary judgment, which evaluates whether the plaintiff has presented evidence to raise a genuine issue of material fact.

Additionally, the arguments presented by Astro in its Motion to Reconsider were either raised, fully briefed, and rejected by the Court in the September 28 Order or could have been raised prior to the Court's ruling.  Astro's current argument that its state law claims other than the breach of contract claim do not depend on the existence of a protectable trade secret is inconsistent with Astro's prior representations in this case.  *See* Plaintiff's Response [Doc. # 105], p. 59.  If Astro believed its non-contract based state law claims were independent of its trade secret claim, that issue could and should have been raised prior to the Court's September 28 Order.

Astro also had a full opportunity to present any evidence and argument in support of its proffered expert, Dr. Beckwith.  Having reviewed the parties' extensive briefing and supporting evidence, the Court conducted a full-day hearing regarding Dr. Beckwith's qualifications as an expert for this case and whether his opinions were admissible under *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  The Court gave Astro ample opportunity to present its evidence regarding Dr. Beckwith's opinions, and any evidence or argument not presented at that time is not properly presented in a Rule 59(e) motion.

Astro's remaining arguments were previously raised and decided by the Court.  Astro argues that the Court's ruling on the existence of a protectable trade secret was

erroneous and "bad policy." *See* Motion to Reconsider, p. 3.  Astro challenges the Court's exclusion of expert opinions by Brower on any issue other than damages and by Dr. Beckwith on liability issues.  Astro also challenges the Court's ruling on the interpretation of the parties' Proprietary Information Agreement ("PIA") and on whether the PIA was modified by subsequent conduct.  Each of these issues was raised, fully briefed by the parties, and carefully considered by the Court prior to the September 28 Order.[1]

The Court thoroughly considered the motions, the evidentiary record, and the applicable legal authorities prior to issuing its September 28 Order, and believes its prior ruling were correct.  Astro may be dissatisfied with the Court's ruling on these issues, but a Rule 59(e) motion is not the proper vehicle to present arguments that have been previously raised and rejected by the Court.

Astro has failed to establish a basis for Rule 59(e) relief.  As a result, it is hereby

**ORDERED** that Astro's Motion to Reconsider [Doc. # 169] is **DENIED**.

---

[1]     Indeed, the Court's ruling that Brower had been designated as an expert only on the issue of damages was the subject of a prior motion for reconsideration [Doc. # 161] that was fully briefed and denied in the September 28 Order.

SIGNED at Houston, Texas, this **21st** day of **November, 2005**.

Nancy F. Atlas
United States District Judge